UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HAROLD JOHNSON, | ) |
|                 Plaintiff, | ) Case No. 20-cv-1514 |
| v. | ) Judge Sharon Johnson Coleman |
| STATEWIDE INVESTIATIVE SERVICES, INC., a/k/a STATEWIDE GUARD, | ) |
|                 Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Harold Johnson brings this lawsuit against his former employer defendant Statewide Investigative Services, Inc. ("Statewide") alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. Before the Court is Statewide's motion for summary judgment brought under Federal Rule of Civil Procedure 56(a). For the following reasons, the Court grants Statewide's motion.

**Background**

In July 2011, Statewide, which is in the business of private security services for residential and commercial purposes, hired Johnson as a supervisor. At the time Johnson completed his employment application, he was a retired Chicago police officer and 69-years-old. During his employment, Johnson worked at Statewide's client location of 3300 N. Campbell in Chicago, Illinois ("Campbell location"), where a school was located.

Statewide terminated Johnson's employment on February 4, 2019. Statewide contends it did so because the supervisor position at the Campbell location was eliminated. Undisputed evidence shows that between February 2019 and December 2021, there were only two Statewide locations that had supervisors and Statewide had not hire another supervisor for the Campbell location since

February 2019. Johnson, however, maintains he was not a supervisor at the time Statewide terminated his employment and that Statewide terminated his employment based on his age.

Johnson points to his deposition testimony to support his age discrimination claim. More specifically, he testified that in April 2017, while they were having lunch at a restaurant in the suburbs, Statewide's Director of Operations Michael Barone asked him how old he was and how long he would remain working, to which Johnson answered he would like to work a few more years. Barone, like Johnson, was a former Chicago police officer before he began working for Statewide and was 64-years-old at the time of Johnson's termination. Again, in September 2017, while Barone and Johnson were dining at a restaurant in Chicago, Barone asked Johnson, "you're getting on in age now, how much longer are you going to put up with this shit?" Johnson also testified that Barone called him an old man on several occasions.

After his termination, specifically in March 2019, Johnson filed an IDHR/EEOC Charge asserting Statewide terminated his employment based on his age in violation of the ADEA. On December 10, 2019, the EEOC issued a right to sue letter. Johnson filed a timely complaint on March 2, 2020.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.E.2d 202 (1986). When determining whether a genuine dispute as to any material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Holloway v. City of Milwaukee*, 43 F.4th 760, 765 (7th Cir. 2022).

**Discussion**

The ADEA protects workers who are 40 years of age and older from age-based employment discrimination. 29 U.S.C. § 623(a)(1). Under the ADEA, a plaintiff must establish that his age was the but-for cause of his employer's adverse employment action. *Kleber v. CareFusion Corp.*, 914 F.3d 480, 486 (7th Cir. 2019) (en banc). At summary judgment, a plaintiff may carry this burden by presenting direct or circumstantial evidence, or, in the alternative, he may proceed under the *McDonnell Douglas* burden-shifting method of proof. *See Marnocha v. St. Vincent Hospital & Health Care Ctr., Inc.*, 986 F.3d 711, 718 (7th Cir. 2021).

Here, the parties approach Johnson's claim under the *McDonnell Douglas* method of proof. Under this burden-shifting framework, Johnson must present evidence creating a genuine issue of material fact that: (1) he was a member of a protected class; (2) he was meeting Statewide's legitimate job expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees who were not members of his protected class were treated more favorably. *Brooks v. Avancez*, 39 F.4th 424, 434 (7th Cir. 2022). If Johnson meets each of these prima facie elements, the burden shifts back to Statewide to set forth a legitimate, nondiscriminatory reason for Johnson's termination. *Lewis v. Indiana Wesleyan Univ.*, 36 F.4th 755, 760 (7th Cir. 2022). If Statewide makes this showing, the burden then shifts back to Johnson to produce evidence that Statewide's reason is pretext for discrimination. *Chatman v. Board of Educ. of Chicago*, 5 F.4th 738, 746 (7th Cir. 2021).

Before examining the parties' arguments, the Court addresses Statewide's assertion that Johnson contradicts his December 2020 deposition testimony in his March 2022 declaration filed in tandem with his response to the present summary judgment motion. The Seventh Circuit considers such contradictions under what it calls the "sham-affidavit" rule, which prohibits a party from submitting an affidavit or declaration that contradicts that party's prior deposition testimony. *See Perez v. Staples Contract & Commercial LLC*, 31 F.4th 560, 569 (7th Cir. 2022). "The goal of the rule is

to preclude the manipulation of testimony to avoid an adverse summary-judgment ruling." *Id.* The "organizing principle of our sham-affidavit practice is simply stated: a *genuine* issue of material fact cannot be conjured out of nothing." *James v. Hale*, 959 F.3d 307, 316 (7th Cir. 2020) (emphasis in original). With this in mind, the Court disregards certain averments in Johnson's March 2022 declaration that contradict his December 2020 deposition testimony.

Turning to Johnson's prima facie case, the Court examines whether Johnson has fulfilled the similarly situated element because it is dispositive. To be similarly situated, a comparator must be directly comparable to the plaintiff in all material respects, although precise equivalence is not required. *Bless v. Cook Cnty. Sheriff's Office,* 9 F.4th 565, 575 (7th Cir. 2021). "The purpose of the similarly situated prong is to 'eliminate other possible explanatory variables, such as differing roles, performance histories, or decision-making personnel, which helps isolate the critical independent variable—discriminatory animus.'" *Marnocha*, 986 F.3d at 719 (citation omitted).

Johnson presents evidence that Statewide hired four younger security guards for the Campbell location after his employment was terminated in February 2019. Unrefuted evidence in the record indicates that these security guards worked approximately eight to sixteen hours a week, on average. (R. 88-3, 12/2/20, Barone Dep., at 95). Moreover, it undisputed that Johnson was the only full-time employee at the Campbell location, and, as a full-time employee, Johnson was paid more than the part-time employees. It is well-settled that "full-time employees are simply not similarly situated to part-time employees," especially when the part-time employees receive less pay. *Ilhardt v. Sara Lee Corp.*, 118 F.3d 1151, 1155 (7th Cir. 1997); *see also Jones v. National Council of Young Men's Christian Assoc.,* 48 F.Supp.3d 1054, 1112 (N.D. Ill. 2014) (Tharp, J.). In sum, the difference in hours and pay is material to the Court's similarly situated inquiry. Viewing the evidence and all reasonable inferences in Johnson's favor, he has not presented sufficient evidence to raise a genuine

issue of material fact in relation to his prima facie case of age discrimination. The Court grants Statewide's summary judgment motion based on this deficiency.

In the alternative, even if Johnson had adequately set forth a prima facie case of age discrimination, he has not presented evidence raising a triable issue of fact that Statewide's proffered reason for his termination was pretext for discrimination. To show pretext, Johnson must come forward with evidence that (1) Statewide's reason for his termination was dishonest, and (2) Statewide's true reason was based on discriminatory intent. *Logan v. City of Chicago*, 4 F.4th 529, 537 (7th Cir. 2021). Pretext is more than faulty reasoning or bad judgment – it is a lie or a phony reason. *See Brooks*, 39 F.4th at 435; *Barnes v. Board of Trs. of Univ. Ill.*, 946 F.3d 384, 389 (7th Cir. 2020). Also, under the first requirement, "the question is not whether the employer's stated reason was inaccurate or unfair, but whether the employer honestly believed the reason it has offered to explain the discharge." *Robertson v. Dept. of Health Servs.*, 949 F.3d 371, 380 (7th Cir. 2020) (citations omitted).

As stated, Statewide explains it terminated Johnson's employment because it had eliminated the position of supervisor at the Campbell location in February 2019. In support of its reason for Johnson's termination, Statewide provides the deposition testimony of Statewide's Director of Operations Michael Barone. Statewide also presents other evidence that it considered Johnson a supervisor, including its unrefuted payroll and employee pay reports for the relevant time period that indicate Johnson was a supervisor until his termination. And, as discussed, there is undisputed evidence in the record that the other security officers at the Campbell location made less per hour than Johnson. Barone also averred that he introduced Johnson to the Campbell location client as the supervisor told other security guards that they reported to Johnson.

Nevertheless, Johnson testified at his deposition Barone told him in 2017 that he was no longer a supervisor. At this stage of the proceedings, the Court must view the evidence and all

reasonable inferences in Johnson's favor, and thus Johnson's testimony raises a triable fact that he was not a supervisor at the time of his termination underscoring his argument that Statewide's reason for his discharge was dishonest.

Next, Johnson must present evidence raising a genuine issue of triable fact that Statewide's true reason for his termination was his age, which he has failed to do. *See Logan,* 4 F.4th at 537. Specifically, to show Statewide's beliefs are not credible, Johnson must "provide evidence that he was fired for reasons other than those provided, the reasons had no grounding in fact, or were insufficient to warrant termination." *Castetter v. Dolgencorp, LLC,* 953 F.3d 994, 997 (7th Cir. 2020). In support of his argument, Johnson contends Barone made several ageist comments directed at him. Such remarks can raise an inference of discriminatory intent if they are made by the decision-maker, around the time of the decision, and in reference to the adverse employment action. *Brooks,* 39 F.4th at 439. "When considering whether a remark is discriminatory, [courts] also consider the context in which the remark was made." *Bagwe v. Sedgwick Claims Mgmt. Serv., Inc.,* 811 F.3d 866, 885 (7th Cir. 2016). The parties do not dispute that Barone was the decision-maker in relation to Johnson's termination.

According to Johnson, in April 2017, when he and Barone were dining at a restaurant, Barone asked him how old he was and how much longer he wanted to work at Statewide, to which Johnson answered that he wanted to work for a few more years. Another time when they were out to eat in September 2017, Barone asked Johnson "you're getting on in age now, how much longer are you going to put up with this shit?" Not only were these comments made outside of the workplace and in a social setting, but the timing of these 2017 statements is too temporally attenuated from Johnson's termination in February 2019. Equally important, these comments were not made in connection with Johnson's termination, but were in relation to how long Johnson wanted to work for Statewide. Accordingly, these 2017 comments are not probative of unlawful

6

discriminatory intent in relation to Statewide's employment decision and do not defeat summary judgment. *See Castetter,* 953 F.3d at 997 ("isolated comments must be contemporaneous with termination or causally related to the termination process in order to be probative of discrimination.").

Next, at his deposition and in response to Statewide's interrogatories, Johnson stated Barone called him an "old man" from time to time. Johnson does not point to the specific timing of these statements, although in his later-filed declaration, Johnson avers that Barone called him an old man up until February 2019. What Johnson does not aver is whether this statement was made in connection with his termination or in what context Barone allegedly made this statement. For example, did Barone make this statement in a social setting like his 2017 comments or did he make them at work? Because the details of Barone's alleged 2019 statement(s) are unclear, they do not constitute adequate evidence that Statewide terminated Johnson due to his age. *See Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 695 (7th Cir. 2006). The Court grants Statewide's summary judgment motion based on Johnson's failure to establish pretext.

**Conclusion**

The Court grants defendant's summary judgment motion [84]. Civil case terminated.

IT IS SO ORDERED.

Date: 9/19/2022

Entered:

SHARON JOHNSON COLEMAN
United States District Judge